UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JOSEPH CHRISTOPHER,<br><br>                            Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                            Defendant. | Case No.: 24cv2473-LL-VET<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS** |

      On December 27, 2024 Plaintiff Paul Joseph Christopher filed this civil action against Commissioner of Social Security. ECF No. 1. Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

"[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Here, Plaintiff's Motion is based on an outdated IFP application form captioned "CIV-67." ECF No. 2. In his application, Plaintiff represents that he is currently unemployed and has no income. *Id.* Plaintiff's application is dated December 27, 2022, which predates the Complaint filed in this case by two years. *Id.* Based on the lack of "particularity, definiteness and certainty" in the information provided, the Court cannot determine whether Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.

To the extent Plaintiff seeks to resubmit his request, he is directed to complete form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs – Long Form) which can be found on the District Court's website. On or before **February 28, 2025**, Plaintiff must either (1) pay the requisite filing fee, or (2) file a renewed motion for IFP containing the necessary information using the correct form. If Plaintiff fails to timely submit payment or a renewed motion for IFP, this case will be dismissed. Accordingly, Plaintiff's application to proceed IFP [ECF No. 2] is **DENIED** without prejudice.[1]

**IT IS SO ORDERED**.

Dated: February 12, 2025

_____
Honorable Linda Lopez
United States District Judge

---

[1] Upon granting a request to proceed IFP, the Court must additionally analyze the sufficiency of the complaint under 28 U.S.C § 1915.